UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: OLGA D. PARADES
ssn: \*\*\*-\*\*-6030

CASE NO. 09-22261 RDD

**OBJECTION TO PROOF OF CLAIM #4 FILED BY PHH MORTGAGE CORPORATION AND REQUEST FOR ACCOUNTING**

Debtor.

**TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES, Olga D. Parades, ("Debtor"), by her attorney, David B. Shaev, Esq., and states as follows:

1. The Debtor commenced this action by the filing of Chapter 13 Petition on February 25, 2009.

2. Debtor is joint owner of real estate located at 551 Westbrook Drive, Cortlandt Manor, NY 10567. The Debtor resides at this address and the Chapter 13 Plan calls for keeping the property in Loss Mitigation.

3. The Debtor has amended Schedule D to list Mortgage World Bankers, Inc. as the originator/mortgagee on the secured property. The Debtor has additionally scheduled this debt as disputed due to the apparent contradictions in documents filed as Proof of Claim #4, and as detailed hereinafter. A true and accurate copy of Amended Schedule D is annexed hereto as Exh. "A" and a true accurate copy of Proof of Claim #4 with attachments is annexed hereto as Exh. "B."

## I. FACTUAL ALLEGATIONS

4. Proof of Claim #4 is dated March 31, 2009 and filed with the Court on April 7, 2009, by PHH Mortgage Corporation ("PPH") and consists of the following:

    a. Official Form 10, signed by Anne E. Miller-Hulbert, Attorney for PHH Mortgage Corporation, Shapiro & DiCaro, LLP;

    b. A one page itemization statement entitled "Exhibit 'A'";

    c. A document starting at page 9 and continuing through page 16, identified at the bottom of each page as New York – Single Family...Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-MERS;

    d. A 4 page Fixed/Adjustable Rate Rider dated March 30, 2006;

    e. A 2 page Westchester County Recording And Endorsement Page, and a mortgage of 16 pages with MERS as mortgagee of record and Mortgage World Bankers, Inc. as Lender. The Westchester County recording states that 24 pages were recorded.

5. To date, this Proof of Claim has not been amended.

6. A Qualified Written Request ("QWR") dated April 7, 2009 was served by counsel for Debtor upon PPH and Shapiro & DiCaro, LLP by mail. A true and accurate copy of the QWR is annexed hereto as Exh. "C."

7. Debtor's counsel sent a letter dated April 8, 2009 to Shapiro & DiCaro, LLP requesting explanation of the missing pages in Proof of Claim #4. A true and accurate copy of this letter is annexed hereto as Exh. "D."

8. A letter from Shapiro & DiCaro, LLP dated April 15, 2009 was received by counsel for Debtor, consisting of the following:

   a. Cover letter stating that PHH was the servicer of Debtor's loan and that the "holder/investor" of the mortgagee is U.S. Bank National Association as Trustee;

   b. A one page document entitled "Assignment of Mortgage", purporting to evidence an assignment from MERS, Assignor to U.S. Bank National Association, as Trustee for GSAA, 2006-12, dated March 16, 2009 by Tracy Johnson on behalf of MERS with notarial stamp in County of Duval, State of Florida;

   c. A 1 page Westchester County Recording And Endorsement Page stating 24 pages filed, together with a Schedule A (one page); a Mortgage with Debtor and Maureen Sanchez (Debtor's daughter) as Borrowers and MERS as nominee to Lender Mortgage World Bankers, Inc., signed March 30, 2006 (16 pages); a Fixed/Adjustable Rate Rider naming Mortgage World Bankers, Inc. as holder of Security Instrument, dated March 30, 2006 (4 pages);

   d. A true and accurate copy of the letter dated April 15, 2009 from Shapiro & DiCaro, with attachments is annexed hereto as Exh. "E."

   e. The additional documents included in this letter have not been filed as an amendment to the Proof of Claim.

9. A true and accurate copy of response to QWR dated June 23, 2009 and received by counsel to Debtor is annexed hereto as Exh. "F."

## II. LEGAL ARGUMENT: LACK OF DOCUMENTATION

10. There was no writing filed with the PHH Proof of Claim demonstrating PHH's interest on the property securing such claim in violation of B.R. 3001(c).

11. An original or duplicate proof securing such claim must be filed with Proof of Claim pursuant to B.R. 3001(d).

12. B.R. 3001(e)(1) and (3) requires that in the event a claim is transferred, then the proof of transfer or assignment must be filed.

13. The Proof of Claim filed by PHH failed to provide any documentation whatsoever that it has the requisite standing to file the Proof and Claim and said claim fails to provide the documentation required to demonstrate that such claim exists on behalf of PHH. Therefore, the Proof of Claim filed by PHH must be disallowed/expunged in full.

## III. LEGAL ARGUMENT: PHH AS SERVICER HAS NO STANDING TO FILE PROOF OF CLAIM #4

14. The Assignment annexed to Exh. "E", sets forth MERS, as nominee for Mortgage World Bankers, Inc., Assignor, to U.S. Bank National Association, as Trustee for GSAA 2006-12, Assignee (the "Trust").

15. The Trust contains any and all beneficial rights, liabilities and conveyance rules concerning Debtor's mortgage and is subject to the terms of the Pooling and Servicing Agreement ("PSA").

16. The Assignment names U.S. Bank National Association as the Trustee and does not mention PHH. PHH is a stranger to the Trust and no documentation has been provided authorizing PHH to take any action on behalf of the Trust.

17. PHH is identified as a servicer of the mortgage loan. It neither asserts a beneficial interest in the note, nor could enforce the note in its own right.

18. A federal court cannot have jurisdiction unless a party has constitutional standing.

19. Section 501(a) of the Bankruptcy Code allows a "creditor" to file a proof of claim. Such claim is deemed allowed unless objected to pursuant to Sec. 502(a).

20. PHH, as servicer, is not a creditor and has failed to provide any evidence that it currently holds Debtor's note or any evidence of its own authority.

21. PPH, therefore, is not a creditor nor a real party in interest and has no standing to file Proof of Claim #4.

## IV. LEGAL ARGUMENT: ASSIGNMENT OF MORTGAGE IS A VOIDABLE TRANSFER PURSUANT TO BANKRUPTCY CODE SEC. 549(a)(1)(B)

22. Section 549 of the Bankruptcy Code covers transactions and states:
    "(a) Except as provided in subsection (b) and (c) of this section, the trustee may void a transfer of property of the estate-------
    (1) that occurs after the commencement of the case; and
    ..............
    (B) that is not authorized under this title or by the court."

23. The Assignment of Mortgage annexed to Exh. E, although not filed with the Proof of Claim, is dated March 16, 2009, well after the date of commencement of this bankruptcy proceeding on February 25, 2009.

24. The Assignment of Mortgage is an attempt to perfect a lien after the commencement of the case and therefore is voidable by this Court.

25. There could be no reason for the "Assignment" of the mortgage to U.S. Bank National other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the estate.

## V. LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SEC. 362 (a)(4)

26. Sec. 362(a)(4) , entitled Automatic Stay, states:
"(a)......a petition filed under section 301, 302, or 303 of this title,.....operates as a stay, applicable to all entities, of---

...............

(4)any act to create, perfect, or enforce any liens against property of the estate;"

27. The Assignment of Mortgage is an attempt to create, perfect, or enforce a lien against property of the estate and therefore is a violation of Sec. 362(a)(4) of the Bankruptcy Code.

28. There could be no reason for the "Assignment" of the mortgage to U.S. Bank National other than to perfect or attempt to perfect a claim in the residential real estate.

## VI. LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SEC. 362(a)(5)

29. Sec. 362(a)(5) entitled Automatic states:
"(a)......a petition filed under section 301,302, or 303 of this title,.....operates as a stay, applicable to all entities, of ---

............

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures

a claim that arose before the commencement of the case under this title;"

30. The Assignment of Mortgage is an attempt to create, perfect, or enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case and is therefore in violation of Sec. 362 (a)(5) of the Bankruptcy Code.

31. There could be no reason for the "Assignment" of the mortgage to U.S. Bank National other than to perfect or attempt to perfect or attempt to affect a claim that arose before the commencement of the case.

### VII. LEGAL ARGUMENT: THE PROOF OF CLAIM ITEMIZATION DIFFERS FROM PAYOFF FIGURE PROVIDED IN RESPONSE TO QWR

32. Exhibit A annexed to PPH Proof of Claim states the Principal Balance due as of the filing of the bankruptcy petition on February 25, 2009 as $431,999.97, with Pre-Petition Arrearages, Attorneys Fees and Costs of $33,544.92, and states the amount of total claim on Form 10 as $461,263.09.

33. The Payoff Statement annexed to the response to QWR (Exh. F) states the payoff balance as of the date of filing as $460,458.17, including pre-petition arrears of $28,458. The pre-petition arrears differ from the costs set forth on the Proof of Claim by a total of $5,086.92 and the payoff figure from the QWR is $804.92 lower than the Proof of Claim.

34. The discrepancies in the Proof of Claim are all in favor of PHH and to the detriment of the Debtor without explanation.

35. Debtor seeks an Order by this Court directing PHH to account for and explain the discrepancies in these figures.

## VIII. LEGAL ARGUMENT: THE PROOF OF CLAIM DOES NOT PROVE A PERFECTED SECURITY INTEREST IN DEBTOR'S PROPERTY

36. The Proof of Claim fails to set forth any documentation or other evidence to show that any party is the current beneficiary under the Trust in conformance with the conveyance and other rules set forth in the Trust.

37. PHH has failed to provide any documentation reflecting a valid security interest in Debtor's property. Any attempt to cure such deficiencies have been without authority, in violation of the terms of the Trust, in violation of law and a fraud upon this Court.

38. As a direct and proximate result of the willful violations of the automatic stay, Debtor is entitled to the recovery of actual and punitive damages from PPH pursuant to Sections 362(k)(1) of Title 11 of the United States Code.

39. As a direct and proximate result of the willful violations of the automatic stay, Debtor is entitled to the recovery of her costs and reasonable attorney's fees as provided in Section 262(k)(1).

WHEREFORE, Debtor respectfully prays of the Court as follows:

A. That Proof of Claim #4 be expunged;

B. That PHH provide an accounting of all figures set forth in its Proof of Claim and response to Qualified Written Request;

C. That the Debtor have and recover against PPH a sum to be determined by the Court in the form of actual damages;

D. That the Debtor have and recover against PPH a sum to be determined by the Court for statutory damages;

E. That the Debtor have and recover against PPH a sum to be determined by the Court for punitive damages;

F. That the Debtor have and recover against PPH all reasonable legal fees and expenses incurred by her attorney; and

G. For such other and further relief as this Court may deem just and proper.

DATED: July 14, 2009
New York, New York

_____
DAVID B. SHAEV (dbs6994)
Attorney for Debtors
350 Fifth Avenue, Suite 7210
New York, New York 10118
(212) 239-3800

TO:

Jeffrey L. Sapir
Chapter 13 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

PHH Mortgage Corp.
4001 Leadenhall Road
Mail Stop: SVRP
Mt. Laurel, NJ 08054

United States Department of Justice
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

Shapiro & DiCaro, LLP
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
Attn: Anne E. Miller-Hulbert