UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE           CHAPTER 13

   OLGA D. PAREDES     CASE NO. 09-22261

               JUDGE: Robert D.Drain
    DEBTOR

# MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S OBJECTION TO THE PROOF OF CLAIM #4 FILED BY PHH MORTGAGE CORPORATION AND REQUEST FOR ACCOUNTING

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the Debtors' Objection to the Proof of Claim #4 filed by PHH Mortgage Corporation ("PHH")in this Chapter 13 case.

## FACTS

The facts are as set forth in the Affidavit of Tracy Johnson in Opposition to Debtor's Objection to Proof of Claim #4 filed by PHH Mortgage Corporation, loan servicing agent for U.S. Bank National Association, as Trustee ("U.S. Bank"), submitted herewith.

# ARGUMENT

## POINT 1

### PHH HAS STANDING TO FILE THE PROOF OF CLAIM AS THE MORTGAGE LOAN SERVICING AGENT FOR THE HOLDER OF THE NOTE AND MORTGAGE, U.S. BANK

It is clearly established in New York that a demonstrated beneficial interest in the Note and Mortgage is absolutely sufficient to establish proper standing. See Katz v. East-Ville Realty Co., 249 AD2d 243, 672 NYS2d 308 (1st Dept. 1998). Further, New York courts have held that a mortgage assignment is valid and effective by delivery only, with "no legal need of a recording of the assignment, nor any (legal need) for an assignment in writing." See Fryer v.Rockefeller, 63 NY 268, 276 (1875). Accordingly, it remains the law of the State of New York that "a bond and mortgage may be transferred by delivery without a written instrument of assignment." See Flyer v. Sullivan, 284 AD 697,699, 134 NYS2d 521, 523 (1st Dept. 1954); see also Nat'l Mortgage Consultants v. Elizaitis, 3 Misc. 3d 1109A, 787 NYS2d 679 (Sup. Ct. Suffolk Co. 2004), aff'd, 23 AD3d 630, 804 NYS2d 799 (2d. Dept. 2005).

In the instant case, all of the facts and circumstances surrounding the closing of this mortgage loan indicate that Mortgage World Bankers transferred its beneficial interest in the Note and Mortgage to PHH Mortgage Services, the predecessor of PHH Mortgage Corporation soon after the closing took place. The Note was endorsed over to PHH Mortgage Corporation and the mortgagee clause on the hazard insurance policy was changed to indicate that PHH was the mortgagee insured. Although an assignment of mortgage was not executed at the time of the transfer of the beneficial interest to PHH, no assignment of mortgage was required to confer standing under the case law cited above.

The ownership of the Note and Mortgage were subsequently transferred to U.S. Bank An Assignment of Mortgage was not executed at the time of transfer. PHH intends to submit documentation to show that U.S. Bank now has the beneficial interest in the Note and Mortgage by virtue of the pre-existing transfer of this loan. In addition, the documentation will demonstrate that PHH is still authorized to file the Proof of Claim as the loan servicing agent for U.S. Bank.

## POINT II

### AN ASSIGNMENT OF MORTGAGE DATED AFTER THE DATE OF FILING DOES NOT VIOLATE THE PROVISIONS OF SECTION 362 OR SECTION 549 OF THE BANKRUTPCY CODE

Debtor alleges that an assignment of mortgage dated after the bankruptcy filing date violates Sections 362(a)(4), 362(a)(5) and 549 of the Bankruptcy Code. However, no mortgage lien was created or perfected by an execution of an assignment of mortgage. The transfer of the beneficial interest in the subject loan occurred prior to the filing of this Chapter 13 case, and the execution of the assignment of mortgage was merely a memorialization of that prior transfer. The Bankruptcy Court for the Eastern District of Massachusetts in In Re Samuels, 2009 Bankr. LEXIS 1954 (decided July 6, 2009) states at footnote 12

"... The postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor. Nor is the postpetition assignment of a mortgage and the related note an act to collect a debt...."

Clearly, the execution of an assignment of mortgage after the date of a bankruptcy filing does not create, perfect or enforce a lien against property of the Debtor in violation of the provisions of the Bankruptcy Code.

## CONCLUSION

For all of the reasons set forth above, PHH respectfully requests that the Court deny Debtor's Objection to the Proof of Claim #4 filed by PHH Mortgage Corporation, and grant such other and further relief as may be just and proper.

Dated: September 14, 2009

/s/ Anne Miller-Hulbert
Anne E. Miller-Hulbert
Shapiro & DiCaro, LLP
Attorneys for PHH Mortgage Corp
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000