UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

OLGA D. PAREDES

DEBTOR

CHAPTER 13

CASE NO. 09-22261

JUDGE: Robert D. Drain

## AFFIRMATION IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM #4 FILED BY PHH MORTGAGE CORPORATION

Anne E. Miller-Hulbert, Esq., an attorney admitted to practice in this Court, affirms the following under penalty of perjury:

1. I am an associate with Shapiro & DiCaro, LLP, attorney for PHH Mortgage Corporation, loan servicing agent for U.S. Bank National Association, as Trustee ("PHH"), and am familiar with the facts and circumstances surrounding this matter.

2. I submit this Affirmation in opposition to the Debtor's Objection to Proof of Claim filed by PHH Mortgage Corporation

3. On April 7, 2009 PHH filed a Proof of Claim for pre-petition mortgage arrears in the amount of $33,544.92. with respect to a mortgage on the above Debtor's real property known as 551 Westbrook Drive, Cortlandt Manor, New York 10567 (the "Property").

4. Debtor's Objection to the Proof of Claim alleges, among other things, that PHH has provided no proof of its interest in the Property and that PHH has no standing to file the Proof of Claim. Debtor also alleges that an assignment of the mortgage dated after the date of the bankruptcy filing is a voidable transfer under Bankruptcy Code Section 549(a)(1)(B) and violates Bankruptcy Code Sections 362(a)(4) and 362(a)(5).

5. An Affidavit by an officer of PHH Mortgage Corporation setting forth the chain of title of this mortgage is submitted herewith. It is clear that the beneficial interest in the note and

mortgage was transferred to the current holder, U.S. Bank National Association, as Trustee, prior to the filing of this Chapter 13 case. Issues regarding standing and the execution of Assignments of Mortgage have become common place in both State Court and Bankruptcy Court. It has been the position of PHH Mortgage Corporation that the execution of the Assignment of Mortgage is not relevant to the issue of ownership. This Argument regarding standing of a beneficial owner is contained in the Memorandum of Law which is submitted herewith.

6. Debtor claims that the execution of an Assignment of Mortgage violates the Automatic Stay. Clearly, that cannot be the case. The transfer of beneficial interest in the loan occurred prior to the filing of the Chapter 13 Case. The execution of the Assignment of Mortgage was merely a memorialization of that prior transfer and, was in no respect an attempt to create, perfect, or enforce a lien against the property. The Mortgage lien already existed. Further, a transfer of a note from one holder to another is not a transfer of property of the estate. See accompanying Memorandum of Law.

7. Further, PHH is authorized to file a Proof of Claim on behalf of U.S. Bank National Association as Trustee by virtue of a Limited Power of Attorney dated May 21, 2008, a copy of which is annexed hereto as Exhibit "A".

8. Debtor also requests an Order of this Court directing PHH to account for the discrepancies between the Proof of Claim and Payoff Statement in the response to QWR. The payoff total amount in the Proof of Claim of $461,263.09 differs from the payoff total amount in the QWR of $460,458.17 due to a small error in the calculation of interest.

9. Debtor mistakenly states that the Payoff figures in the QWR include pre-petition arrears in the amount of $28,458.00. Payoff figures and contractual reinstatement figures as stated on Exhibit A of the Proof of Claim are two entirely different calculations. The sum of

$28,458.00 in the payoff figure represents other amounts which, when added to the unpaid principal balance, make up the total payoff figure. The sum of $28,458.00 includes the following:

    a) Interest at the rate of 7% in the amount of $19,801.00 calculated to the date of filing;

    b) Escrow advances of $7,663.24 representing taxes and insurance paid by PHHJ;

    c) Property inspection fees of $106.00;

    d) Foreclosure fees and costs of $485.00;

    e) Late charges of $402.96

10. The pre-petition arrearage amount in the Proof of Claim is $33,544.92 represents the amount to reinstate the loan as of the date of filing and consists of the following:

    a) Payments for 6/1/08 – 2/1/09 at $3,485.95 or $31,373.55. (a payment history is annexed hereto to the Response to the QWR which is attached to debtor's motion papers as Exhibit F);

    b) Late Charges of $402.96 are set forth in the Fee Activity Ledger annexed hereto as Exhibit "B ";

    c) Property Inspection Fees of $92.75 are set forth in the Fee Activity Ledger annexed hereto as Exhibit "B ";

    d) Escrow Shortage of $1,075.66 calculated by subtracting Debtor's projected escrow balance of $3,050.79 on February 28, 2009 from the required escrow balance of $4,126.45 on that date (see the Escrow analysis annexed hereto as Exhibit "C ");

e) Bankruptcy Fee of $150.00 for filing the Proof of Claim which is recoverable under paragraph 22 of the mortgage; and

f) The foreclosure cost of $450.00 set forth in the Proof of Claim will be removed, as it was incurred after the filing of this case.

11. Clearly, Debtor's Motion Objecting to the Proof of Claim filed by PHH Mortgage Corporation has no merit and should be denied by this Court.

**WHEREFORE**, the undersigned respectfully requests an Order of this Court denying Debtor's Objection to Proof of Claim filed by PHH Mortgage Corporation and granting such other and further relief as may be just and proper.

Dated: September 15, 2009

*/s/ Anne Miller-Hulbert*
Anne E. Miller-Hulbert
Shapiro & DiCaro, LLP
Attorneys for PHH Mortgage Corp
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000