UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

OLGA D. PAREDES

DEBTOR

CHAPTER 13

CASE NO. 09-22261

JUDGE: Robert D. Drain

## AFFIDAVIT IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM #4 FILED BY PHH MORTGAGE CORPORAITON

STATE OF FLORIDA    )
                    )ss
COUNTY OF DUVAL     )

Tracy Johnson, being duly sworn, deposes and says:

1. I am an Assistant Vice President of PHH Mortgage Corporation, loan servicing agent for US Bank, National Association, as Trustee, and am familiar with the facts and circumstances surrounding this mortgage loan from my review of the books and records kept by PHH Mortgage Corporation in the ordinary course of its business. I submit this Affidavit in opposition to the Debtor's Objection to the Proof of Claim filed by PHH Mortgage Corporation in this Chapter 13 case.

2. On or about March 30, 2006 Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage World Bankers a mortgage in the original principal amount of $432,000 with respect to the real property known as 551 Westbrook Drive, Cortlandt Manor, New York 10567 (the "Property")

3. The mortgage was transferred from Mortgage World Bankers to PHH Mortgage Services Corp. immediately after the closing took place  At the closing of the loan it was clearly disclosed to the Debtor that Mortgage World Bankers was not the servicer of this mortgage loan

and that the servicing rights had been transferred to PHH Mortgage Services. Copies of the RESPA Servicing Disclosure form, Loan Servicing Disclosure Statement and Notice of Assignment, Sale or Transfer of Servicing Rights are annexed hereto as Exhibit "A".

4. While an Assignment of Mortgage was apparently not executed immediately, several other documents do confirm the transfer of the loan to PHH. The Note, which was executed by the debtor, was endorsed to PHH Mortgage Corporation. The Note is annexed hereto as Exhibit "B". Further, Mortgage World Bankers notified the hazard insurance policy holder to change the mortgagee clause with respect to the hazard insurance covering the mortgaged premises to PHH to indicate that PHH Mortgage Corporation was the mortgagee insured. A copy of that letter is annexed as Exhibit "C".

5. PHH Mortgage has serviced the loan since that time. All communications between the debtor and the lender regarding this mortgage have been to and from PHH Mortgage. There can be no confusion for the debtor with respect to who was handling the loan servicing and to whom payments were owed. In that respect, the complaint that the proof of claim should not have been filed by PHH represents the elevation of form over substance.

6. The Court should be aware that the ownership of this loan has been subsequently transferred to U.S. Bank, N.A. as Trustee. As was true with the initial transfer to PHH, an Assignment of Mortgage was not executed at the time of that transfer. PHH is, however, the mortgage loan servicing agent for U.S. Bank, and, as such, would still be the proper party to file a proof a claim on behalf of U.S. Bank.

7. We have requested a copy of the agreement documenting the transfer to U.S. Bank, N.A. as Trustee; however it has not yet been provided and we will provide same as soon as it is available.

8. In any event, PHH has been the servicer of this loan from the outset, and the borrower has been communicating the PHH since the inception of the loan. The books and records of PHH contain all of the relevant documentation needed to prepare and file a proof of claim. The fact the PHH executed and filed the Proof of Claim was appropriate and reflects the true state of affairs regarding the servicing of this loan.

WHEREFORE, your deponent respectfully requests that this Court deny Debtor's Objection to the Proof of Claim #4 filed by PHH Mortgage Corporation, and grant such other and further relief as may be just and proper.

Name: Tracy Johnson
Title: Assistant Vice President

Sworn to before me this
15 day of September, 2009

Notary Public



JOAN M. HAYES
MY COMMISSION # DD 579070
EXPIRES: July 30, 2010
Bonded Thru Notary Public Underwriters