UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO. 09-22261 RDD
_____

IN RE:  OLGA D. PAREDES
   ssn: ***-**-6072


Debtor.
_____

**TO THE HONORABLE ROBERT D DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**


# DEBTOR'S RESPONSE TO OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM #4 FILED BY PHH MORTGAGE CORPORATION AND REQUEST FOR ACCOUNTING AND MEMORANDUM OF LAW


## I.     PRELIMINARY STATEMENT


1. This is Debtor's Response to creditor PHH Mortgage Corporation ("PHH") Opposition to Debtor's Objection to Proof of Claim # 4 ("Objection").


2. The basis of Debtor's Objection is that the filer of Proof of Claim # 4 (PHH) is the <u>servicer</u> of Debtor's mortgage loan.  U.S. Bank National Association ("U.S. Bank") is the <u>Trustee</u> for the securitized Trust, identified as GSAA 2006-12 ("Trust") as substantiated by PHH.

3. Therefore, Debtor's position in objecting to the Proof of Claim filed by PHH is that:

   a. PHH is not the beneficiary of the note;

   b. PHH has no financial rights under the note;

   c. PHH is not the real party in interest;

   d. The real party in interest, U.S. Bank has not been joined in this proceeding;

   e. Due to all of the above, PHH has no standing to file the proof of claim in this bankruptcy.

4. The Opposition to Debtor's Objection to Proof of Claim #4, although contradictory in its conclusions, readily admits that U.S. Bank is the Trustee and purported beneficiary of the Note in its Memorandum of Law, Affirmation In Opposition, Affidavit of Tracy Johnson and documents annexed thereto.

5. PHH admits that it has been unable to produce <u>its</u> Servicing Agreement, the Pooling and Servicing Agreement ("PSA"), Section 2.01 of the Securitized Trust, despite the fact that counsel for PHH <u>agreed to produce</u> the PSA on or before Sept. 15, 2009. The PSA would include the cut-off dates for mortgage note transfers and delivery to the Trust. Any transfer that does not conform to the strict rules of the PSA is a nullity.

## II. PROOF OF OWNERSHIP OF THE MORTGAGE NOTE AS IT RELATES TO THE SECURITIZED TRUST

6. In a securitized Trust, it is required to establish the unbroken chain of transfers, deliveries and acceptances of the mortgage note from the Originator to the Sponsor to the Depositor and finally to the Trust. The Originator in this case is Mortgage World Bankers, Inc. (See. Exh. B annexed to Debtor's Opposition).

7. The purpose of the securitization process is to make the mortgage note legally protected from any claims a bankruptcy trustee or the FDIC might assert against the originator. This requires a series of <u>true sales and transfers</u> pursuant to the mandatory transfer rules of the PSA.

8. The Trust has no authority to claim beneficial interest or any interest in the mortgage note unless there has been a complete and unbroken chain of assignments to the Trust pursuant to the strict terms of the PSA. The fact that an assignment may or may not have to be recorded to maintain perfection is not relevant to the requirements of the PSA that there be an unbroken chain of assignments to the Trustee of the Trust, which in this case is U.S. Bank.

9. If and when PHH produces the PSA, it is expected to reflect the following basic terms and conditions:

a. The originator (Mortgage World Bankers, Inc.) , wrote and funded the original mortgage transaction to Debtor;

b. A Sponsor is named as the party who organized the securitization process and submitted the necessary registration statements with the SEC;

c. The Depositor would be the last party in the chain of transfer to own the mortgage note before transfer to the Trust;

d. The Trustee named in the Trust (presumed to be U.S. Bank) is the owner of the mortgage note for benefit of the parties who invested in the bonds issued by the Trust;

e. A Master Document Custodian is designated by the PSA to maintain custody and control of all of the original notes and mortgages.

10. The documents signed by Debtor at the time of origination are comprised of real estate instruments. The mortgages and deeds of trust must be properly assigned to the named Trust, generally in the following sequence:

a. Assignment from Originator to Sponsor;

b. Assignment from Sponsor to Depositor;

c. Assignment from Depositor to the Trust.

11. The assignments in paragraph 10, above, must all be in conformance with the strict rules and time frame of the PSA, as well as the requirements of Articles 3 and 9 of the Uniform Commercial Code with respect to the mortgage notes.

12. Again, the PSA requires an unbroken chain of title from Originator to the Sponsor to the Depositor and to the Trustee, who becomes the beneficiary of the Note on behalf of the investors.

13. Proof of Claim #4, as well as all of the exhibits annexed to that proof of claim and subsequent filings, fails to prove an unbroken chain of title to ANY PARTY, or substantiate beneficial interest, real party in interest or standing ( at the very least without joiner of the Trustee), to ANY PARTY.

## III.    AFFIRMATION OF ANNE E. MILLER-HUBERT, ESQ.

14. Annexed to the opposition to Debtor's Objection is an Affirmation by Anne E. Miller-Hubert, Esq. ("Miller-Hubert Affirmation") , an associate with Shapiro & DiCaro, LLP on behalf of PHH.

15. There are statements in this Affirmation which support Debtor's position that PHH is not the proper party to file the Proof of Claim, including the following:

   a. Par. 5 of Affirmation states that the beneficial interest in the note and mortgage was transferred to U.S. Bank prior to the filing of the bankruptcy;

   b. Par. 6 of the Affirmation states that the execution of the Assignment of Mortgage was a "memorialization" of a prior transfer, without any documentation of the prior transfer.

16. Annexed to the Miller-Hubert Affirmation is a document entitled "Limited Power of Attorney" dated May 21, 2008, as Exhibit "A." This Limited Power of Attorney, with various filing "marks" of March 27, 2009 and April 28, 2009 states that U.S. Bank National Association, as Trustee, appoints PHH Mortgage Corporation as Attorney-In-Fact.

17. However, the only documentation reflecting any assignment to U.S. Bank, is an Assignment of Mortgage, purportedly from MERS to U.S. Bank dated <u>March 16, 2009</u>, executed by <u>Tracy Johnson, AVP as OFFICER OF MERS,</u> approximately 3 years after origination of the mortgage loan. This simply cannot be. The PSA would not allow such

assignment to the Trustee at that time. This document is annexed to Debtor's Objection to Proof of Claim # 4 as Exh. "E."

18. a) The Assignment of Mortgage is from MERS who was never beneficiary of the note or mortgage, but merely a nominee. MERS, if questioned, will deny any beneficial ownership in the mortgage or note. In fact, its own website states this very fact. MERS could not have assigned this mortgage on March 16, 2009 to the Trustee, if the mortgage had already been assigned to the Trustee years earlier. This raises the question as to why PHH is attempting to "create" an assignment to the Trustee years after any such transfer would have had to been completed?

18. b) Coincidentally, the name <u>Tracy Johnson</u> appears again in the Opposition to Debtor's Objection, by way of Affidavit, dated September 15, 2009. In this Affidavit, however, she is <u>ASSISTANT VICE PRESIDENT OF PHH MORTGAGE CORPORATION</u>. Therefore, on March 16, 2009, Tracy Johnson is AVP of MERS and on Sept. 15, 2009 she is AVP of PHH.

# IV.    AFFIDAVIT OF TRACY JOHNSON

19.  The Affidavit of Tracy Johnson dated Sept. 15, 2009 raises the following questions:

a. The document states that Tracy Johnson is a Vice President of PHH Mortgage Corporation and is notarized in County of Duval,  State of Florida.  PHH headquarters, however, is located in New Jersey. LPS (Lender Processing Services), upon information and belief, maintains a major operational center in Jacksonville, Florida.  According to its website, LPS Document Solutions provides "...complete assignment services."  It is the belief of the undersigned that the Affidavit of Tracy Johnson is an LPS generated document.  Her testimony is required to resolve this issue.

b. The Affidavit states that Tracy Johnson is "...familiar with the facts and circumstances surrounding this mortgage loan from my review of the books and records kept by PHH Mortgage Company in the ordinary course of its business."

This Affidavit fails to set forth any foundation whatsoever that would make her competent to testify about the documents and records, fails to identify any books or records, and fails to define in any manner what her

role as officer is with the company.  Her testimony is required to resolve this issue.

c.  The Affidavit states that PHH is the servicer, but fails to set forth who holds the note or identify the owner of the note.

d. Paragraph "6" of the Affidavit states "...that the ownership of this loan has been subsequently transferred to U.S. Bank, N.A. as Trustee." When did this "transfer" take place and in what manner?

e.  What is the authority for PHH to act on behalf of the Trust and where is evidence of such authority?

f.  What books and records does PHH have upon which Tracy Johnson based her hearsay statements?

g.  Is PHH the Master Document Custodian for this loan?  If not, who is?

h. Paragraph "7" refers to "We have requested a copy of the agreement..." Who is "We?"

i. Paragraph "8" of the Affidavit states that the "...borrower has been communicating (the) PHH since inception of the loan." (error included in Affidavit).  What is the relevance of this statement?

20. a) It is respectfully requested that an Order be granted demanding the appearance of Tracy Johnson to be examined under oath concerning the Affidavit submitted in this action.

   b) It is also respectfully suggested that this Affidavit have no weight factually or otherwise in this case since it fails to set forth any reasonable basis for competency and does not meet the minimal standards required for submission of evidence or testimony.

## V.  MEMORANDUM OF LAW SUBMITTED ON BEHALF OF PHH

21. The Memorandum of Law submitted on behalf of PHH continues the contradictory factual statements and legal arguments previously pointed out to this Court.

22. Page 1 of the Memorandum admits that PHH is the loan servicing agent.

23. Next, it is stated that "...Mortgage World Bankers transferred its beneficial interest in the Note and Mortgage to PHH Mortgage Services, the predecessor of PHH Mortgage Corporation soon after the closing took place." (Memorandum, 2nd paragraph, page 2)

24. How, then, can this creditor submit an Assignment of Mortgage from MERS to U.S. Bank National Association, dated March 16, 2009? (see Exh. "E" annexed to Debtor's Objection to Claim # 4)

25. Either the statements in the Memorandum of Law, the Affidavit of Tracy Johnson and Affirmation of Miler-Hubert Johnson are factually incorrect, at the very least, or the Assignment of Mortgage dated March 16, 2009 is a fraudulent document and a fraud on this Court.

26. The bankruptcy petition was filed on February 25, 2009. The Memorandum states at page 2 that the "…beneficial interest in the note and mortgage was transferred to the current holder, U.S. Bank National Association, As Trustee, prior to the filing of this Chapter 13 case." And yet, the evidence annexed to support this statement is an assignment dated March 16, 2009, which is clearly after the filing of this case.

27. PHH fails to submit any proof whatsoever of a transfer of beneficial interest of the note prior to the filing of this case, or at any time.

28. The Memorandum states at page 3, the following:

"PHH <u>intends</u> to submit documentation to show that U.S. Bank <u>now</u> has the beneficial interest in the Note and Mortgage by virtue of the pre-existing transfer of this loan." (emphasis added)

Debtor agrees that U.S. Bank <u>should</u> be the beneficial owner of the note. Whether it is or not, depends upon proof of an unbroken chain of transfers pursuant to the PSA.

29. Debtor's Objection was served more than 2 months ago.  Why is such proof not submitted to the Court?  Where is the PSA?

## VI.    ACCOUNTING

30.  Debtor additionally brought to the attention of this Court discrepancies in response to Debtor's Qualified Written Request under RESPA and the arrears claimed in the Proof of Claim.

31.  PHH states that there is "no merit" to Debtor's objection, and yet admits that a fee of $450.00 was incorrectly added to the Proof of Claim.  It is respectfully submitted that $450.00 amortized over the balance of the loan is not a small error to the Debtor.  And, the undersigned can state to this Court the following:

In every instance in which I have found an error in the sum stated in a mortgage proof of claim, the error has ALWAYS been in favor of the mortgagee.

## VII.   LEGAL ARGUMENT

### A.      STANDING

32. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Controversies."  Justice Powell delivered the Opinion of the Supreme Court in the case of <u>Warth v. Seldin</u> addressing the question of standing in a federal court as follows:

> "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues.  This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise.  In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art. III.  This is the threshold question in every federal case, determining the power of the court to entertain the suit.  As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf.  <u>Baker v. Carr</u> 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962).  The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…"  Linda R.S. v. Richard D., 410 U.S. 614, 617, 93, S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)."  <u>Warth v. Seldin</u> 422U.S.490, 498 (1975)

> "Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**.  E.g., Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943)."  <u>Warth v. Seldin</u> 422U.S.490, 499 (1975) **(emphasis added)**

33. The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. <u>Valley Forge Christian College vs. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472 (1982).

34. Section 501(a) of the Bankruptcy Code allows a creditor to file a proof of claim. PHH has failed to establish in any of its papers or filings that it owned or held the mortgage or the promissory note at the commencement of the bankruptcy case or any time thereafter. PHH is not a creditor of this bankruptcy estate.

35. Mortgage World Bankers, Inc. was the originator of the Note and Deed of Trust. Proof of Claim #4 alleges that PHH is the creditor but subsequent filings allege U.S. Bank as the Trustee on the mortgage and promissory note.

36. Standing requires that the party prosecuting an action have a sufficient stake in the outcome and that the party bringing the claim be recognized in the law as being the *real party in interest*. <u>Davis v Fed. Election Comm'n</u>,---U.S.---, 128 S.Ct. 2759, 171 L.Ed. 2d 737 (2008). And, see rule 17(a) of the Federal Rules of Civil Procedure, requiring an action to be brought in the name of the real party in interest.

37. PHH's lack of ownership of the mortgage and promissory note in this case, which goes to the very heart of any claim of standing, permeates the entire proceeding and subverts the integrity of the case.

38. PHH makes no assertions as to its own interest in the outcome of the instant claim it is making, nor does it make any mention of any perceived injury to itself. Instead, PHH seeks to enforce a third parties rights, (i.e., the holder and owner of the Debtor's Note and Mortgage) and thus PHH in the case at bar lacks standing in a federal court. PHH cannot bring this claim without properly indentifying direct injury or threat of injury to itself or by joining a real party in interest.

39. A party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).

40. If PHH is actually an agent of a secured creditor, it must provide proof of agency and join the real party in interest. It is not uncommon in the bankruptcy context for a servicing agent to state that it is the authorized agent of the note holder. A "party in interest" in the bankruptcy court is a broad concept, and arguably, a servicing agent might be a party in interest. (See, Greer v. O'Dell, 305 F.3d 1297, 1302-03 (11th Cir. 2002).) However, the servicing agent does not have standing as a ***real party in interest***:

"Federal Courts have only the power authorized by Article II of the Constitution and statutes enacted by Congress pursuant thereto... [A] plaintiff must have Constitutional standing in order for a federal court to have jurisdiction." <u>In re Foreclosure Cases</u>, 521 F.Supp 3d 650, 653 (S.D. Ohio, 2007).

41. PHH as a servicing agent simply does not have standing, as only a person who is the holder or owner of the note has standing to enforce the note. See, e.g., <u>In re Hwang</u>, 2008 WL 4899273 at 8.

42. The servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show its agency status and that the principle is the holder. (See <u>In re Vargas</u>, 396 B.R. 511 (Bankr. C.D. Cal. 2008) at 520.) In the instant case, PHH does not substantiate the position nor offer documentation to indicate it has agency with the actual holder or owner and has not filed its claim as an agent of the holder. Nor was a requisite corporate resolution produced.

43. The Courts have not hesitated to sustain objections to claims where, as here, the claimant has not demonstrated standing. See <u>In re Jones</u>, 2008 WL 4539486, at *5 (Bankr. D. Mass. Oct. 3, 2008) (assignment of mortgage required to establish accurate chain of ownership of mortgage); see also <u>In re Hayes</u>, 393 B.R. 259, 270 (Bankr. D. Mass. 2008) (order entered

sustaining objection to proof of claim where bank failed to demonstrate standing, either by showing that it held note or mortgage or that it serviced loan); see also In re Maisel, 378 B.R. 19, 22 (Bankr. D. Mass. 2007) (bank filing lift-stay motion must demonstrate standing).

44. In bankruptcy proceedings, State substantive law controls the rights of note and lien holders, as the Supreme Court pointed out thirty (30) years ago in United States v. Butner, 440 U.S. 48, 54-55 (1979).  In order to enforce a note, the party seeking to collect is required to show that it is the holder.  A holder is an entity that has acquired the note either as the original payor or transfer by endorsement of order paper or physical possession of bearer paper.  These requirements are set out in Article 3 of the Uniform Commercial Code, which has been adopted in every state, including New York.  As set forth hereinabove, PHH in its papers identified the "Holder" of the mortgage loan as U.S. Bank as Trustee.  In so naming the Holder, PHH admits it is not itself the Holder.

45. PHH is not the real party in interest in this bankruptcy, is not the beneficiary of the note and has no standing to file a proof of claim in this case.  See In re Jacobson, 402 B.R. at 359 (Bankr. W.D. Wash. 2009); In re Sheridan, 2009 WL 631355 (Bankr. D. Idaho, March 12, 2009), at *4. Therefore, its proof of claim should be disallowed/expunged.

46. a) Article 3 of New York's enactment of the Uniform Commercial Code, states that persons entitled to enforce an instrument include "holders", defined at 1-201 as:

> "(20) "Holder" means a person who is in possession of a document of title or an instrument...or endorsed to him or to his order to bearer or in blank."

b) No documentation has been provided by PHH evidencing its role as holder of any note in this case.

47. Bankruptcy court procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure impacts "who" can assert a claim as a holder. In 2008, the Hon. Samuel Bufford, US Bankruptcy Judge of the Central District of California addressed the applicability and impact of the rules on enforcement of note specific to the issue of standing. (See In re Hwang, 396 B.R. 757 (Bankr. C. D. Cal. 2008) As Judge Bufford points out, a motion for relief from stay under F.R. Bankr. Pro. 4001, is a contested matter, governed by F.R. Bankr. P. 9014, which makes F.R. Bankr Pro. 7017 applicable to such motions. F.R. Bankr P. 7017 is a restatement of F. R. Civ. P. 17. (In re Hwang, 396 B.R. at 766.) "The *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the owner of a note. Unless the name of the actual note holder can be stated, the very pleadings are defective." (*emphasis added*) It

is submitted that the Debtor's Objection to PHH Proof of Claim constitutes a contested action.

48. In the case of <u>Deutsche Bank Nat'l Trust Co. v. Steele</u>, 2008 WL 111227 (S.D. Ohio) January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of the note as of that date. In following <u>In re Foreclosure Cases</u>, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deutsche Bank [the movant] was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 2008 WL 111227 at 2.

49. In the case at bar, PHH as Servicer, by its own admissions is neither the holder nor the owner of the note. PHH as Servicer neither asserts that it has a beneficial interest in the note nor that it could enforce the note in its own right.

## B.  ASSIGNMENT

50. The phenomena of submitting written assignments or other documents, and then arguing they are otherwise "unnecessary" as here, is not unique to

Federal Courts. In a February 2009 decision, <u>Wells Fargo Bank, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass Through Certificates, Series 2006-FF15 v. Sem M. Sait Aubin, et. al.</u> 2009 NY Slip Op 50197(U) NY Supreme Court Judge Arthur Schack was concerned with the authenticity and motivation behind assignments in deciding a motion for summary judgment in a foreclosure action. J. Schack denied plaintiff's motion expressing the Court's reservations as to a series of two questionable assignments, "…the Court requires an explanation from an officer of plaintiff Wells Fargo explaining why, in the midst of our national subprime mortgage financial crisis, plaintiff Wells Fargo purchased from MERS, as nominee for First Franklin, a nonperforming loan." And further noted that the motion was denied without prejudice provided the moving party, but 60 days to provide documentation to explain the authenticity of the assignment.

51. Judge Schack has taken the position that once a writing is submitted, the court will require a thorough and complete verification of its authenticity. Judge Schack has repeatedly denied plaintiffs motions in foreclosure actions requiring additional verification pertaining to the authenticity of submitted assignments. <u>WELLS FARGO BANK, N.A., as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN,</u>

ET. AL. 37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009.; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of April 1, 2007 Securities Asset Backed Receivables, LLC Trust 2007-BR2 Mortgage Pass-through Certificates, Series 2007-br2 v. LINDA BAILEY ET. AL. 2009 NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New York, Kings County Decided February 6, 2009.

52. And see HSBC Bank, N.A. v. Valentin, 21 N.Y. Misc. 3d 1123(A), 2008 WL 4764816 (Table)(N.Y. Sup.), Nov. 3, 2008 in which the New York Court found that despite opportunities, HSBC did not show the ownership of the debt and mortgage.


### C.    THE TRUST

53. Under New York law, a trust can only amend or revoke in whole or in part the documents that control it by obtaining written consent of all persons beneficially interested in a trust of property.  See N.Y. Est. Powers & Trusts Law § 7-1.9(a).

54. The Trust created by the PSA consists of the Depositor's right, title and interest in various mortgages and notes. The Trust may only obtain assets by acquiring them from the Depositor and cannot acquire assets in any other manner under New York law without the written consent of all the Trust's beneficiaries. It is reasonable to assume that the Trust has a large number of beneficiaries given its size. Per N.Y. Est. Powers & Trusts Law § 7-2.4:

> If the Trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void.

See In <u>Gilbert vs. Gilbert</u>, 39 N.Y. 2D 663 (1976), 385 N.Y.S.2d 278, N.E.2D 609; <u>In re Mergenhagen</u> 50 A.D.3D 1486, 856 N.Y.S.2d 389 (4 Dept. 2008); and <u>Schoellkopf vs. Marine Trust Co. of Buffalo</u>, 267 N.Y. 358, 196 N.E. 288 (1935).


55. A Trustee cannot act in a way prohibited by the instrument creating the Trust unless it has the written consent of the beneficiaries. If the Trustee acts without this written consent, the Trustee's acts are void. There is an instrument creating the Trust and the Trust can only acquire assets from the Depositor. Any act by the Trustee, in a manner not approved by the Trust documents, renders the transaction void. Under the PSA, if the Trust

did not acquire the debtor's Mortgage and Note from the Depositor it cannot acquire it from any other party.

## VIII.    CONCLUSION

Upon the forgoing it is respectfully requested that Debtor's Objection be sustained and that this Court direct that Tracy Johnson be ordered to appear before this Court for testimony concerning her affidavit, that PHH be directed to turnover to Debtor's counsel the Pooling and Servicing Agreement associated with GSAA 2006-12 Trust without further delay and that Debtor's counsel be awarded fees and disbursements in this action.

DATED:  September 23, 2009
        New York, New York

DAVID B. SHAEV (dbs6994)
Attorney for Debtor
350 Fifth Avenue, Suite 7210
New York, New York 10118
(212) 239-3800