John A. DiCaro (JD 7832)
Anne Miller Hulbert, Esq.
Shapiro, DiCaro & Barak, LLP
250 Mile Crossing Boulevard, Suite 1
Rochester, New York 14624
Phone No.: (585) 247-9000

Attorneys for PHH Mortgage Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **IN RE: OLGA D. PAREDES,** | CASE NO. 09-22261 RDD |
| **Debtor.** | **Chapter 13** |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PHH MORTGAGE CORPORATION'S AND U.S. BANK, N.A. AS TRUSTEE'S
## MOTION FOR STAY UNDER RULE 8005 PENDING
## APPEAL AND A DECISION ON THE MOTION FOR RECONSIDERATION

Claimants, PHH Mortgage Corporation ("PHH") and U.S. Bank, N.A. as Trustee ("U.S. Bank") (collectively, PHH and U.S. Bank are referred to herein as "Movants"), through counsel, submit this memorandum of law in support of their Motion to Stay the Confirmation Hearing in this case until the Appeal of the Court's Order Expunging Proof of Claim of PHH Mortgage Corp., and a decision on the Motion for Reconsideration of the same, being filed herewith, have concluded, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.

### I. PRELIMINARY STATEMENT

PHH and U.S. Bank seek to stay the Confirmation Hearing in this case until the conclusion of proceedings on their Appeal of the Court's Order Expunging Proof of claim and their Motion for Reconsideration of the same Order, being filed herewith. Since, the Court's

Order Expunging Proof of Claim of PHH Mortgage, the Debtor has filed an amended plan which neither accounts for the secured mortgage held by U.S. Bank, nor states any intention of the Debtor to pay pre-petition arrears or post-petition payments, notwithstanding the fact that the Order by the Court Expunging PHH Mortgage's proof of claim did not avoid the underlying mortgage and debt. Because PHH has a substantial possibility of success on the merits of its Appeal and Motion for Reconsideration of the Court's order, faces the prospect of irreparable injury if the stay is not granted, and because no substantial harm would come to other parties if the stay were issued, the stay should be granted.

## II. BACKGROUND FACTS

On February 25, 2009, the Debtor, Olga D. Paredes ("Debtor") filed a Voluntary Petition in Chapter 13 (DE # 1) and accompanying documents. In her Voluntary Petition, on Schedule A, the Debtor states that her home is subject to a secured claim in the amount of $474,850.00, and on Schedule D, she lists two secured debts owed to PHH Mortgage, also totaling $474,850.00. In her Chapter 13 Plan (DE # 8), Debtor requested loss mitigation for her home, again listing PHH Mortgage as her secured creditor. (Although Debtor has since attempted to amend Schedule D, she does not and cannot dispute the existence of the mortgage and note, but rather only the identity of the secured creditor.).

On April 7, 2009, PHH filed its Proof of Claim. Debtor filed a Motion Objecting to PHH's Proof of Claim on July 14, 2009 (DE # 20), PHH filed its opposition on September 15, 2009 (DEs # 22, 24), and Debtor replied September 23, 2009 (DE # 25). Debtor did not dispute the existence of the mortgage in question, but merely objected to the technical sufficiency of PHH's claim. On September 29, 2009, this Court held a hearing on Debtor's Motion to Expunge PHH's Proof of Claim. The Court concluded that it was not sufficiently convinced that PHH had

2

established that the Paredes loan had been transferred to U.S. Bank N.A., as Trustee for GSAA Home Equity Trust 2006-12. The Court then decided to disallow the claim and signed an Order expunging same (DE # 29). The Debtor did not even dispute the amount of her mortgage debt, except for a small interest overcharge that PHH has acknowledged (Transcript at 9), and she had been making mortgage payments to PHH as servicer for some time.

On October 30, 2009, PHH and U.S. Bank appealed the Order Expunging PHH's Proof of Claim (the "Order") (DE # 36), and PHH is filing a Motion for Reconsideration in this Court contemporaneously with this Motion. Movants have substantial grounds for their Appeal and for their Motion for Reconsideration, in particular: 1) the Debtor has acknowledged the debt and that it is secured by a mortgage lien on the property; 2) there is record evidence establishing that PHH acquired the mortgage after it closed; 3) the only dispute is whether and to whom PHH may subsequently have sold it; and 4) the Court's Order is based upon disputed legal conclusions for which there is no controlling precedent in this Circuit. For these reasons, and because PHH and U.S. Bank would be irreparably harmed if this case proceeds to Confirmation while the Appeal is pending—but neither Debtor nor the public would be harmed by a brief stay during the Appeal— PHH and U.S. Bank respectfully request that this Court stay the proceedings and postpone Confirmation.

### III. LEGAL STANDARD FOR STAY PENDING APPEAL

Bankruptcy Rule 8005 permits a Bankruptcy Judge to stay a "judgment, order, or decree . . . during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed. R. Bankr. P. 8005. Courts consider four factors in deciding whether to issue a stay pending appeal: (1) substantial possibility of success on the merits; (2) the prospect of irreparable injury to the moving party which might result without the stay; (3) whether

substantial harm would come to other parties if the stay were issued; and, (4) the effect on the public interest. *In re General Credit Corp.*, 283 B.R. 658, 660 (S.D.N.Y. 2002) ("strong likelihood" of success not required); *In re Cretella*, 47 B.R. 382, 383-84 (E.D.N.Y. 1984). "However, none of the factors are determinative and courts must balance all of the factors in order to decide whether or not to grant a stay." *In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 519 (Bankr. D. Del. 2007).

To establish substantial possibility of success, "it does not matter whether th[e] Court believes that [movants] should succeed on appeal." *In re Genesis Health Ventures*, 367 B.R. at 521 ("'[i]t seems illogical . . . to require that the court in effect conclude that its original decision in the matter was wrong before a stay can be issued'") (quoting *Evans v. Buchanan*, 435 F. Supp. 832, 844 (D. Del. 1977)). Rather, if the "circuit court has not yet decided an issue of law" in a reported opinion, "there may be substantial grounds for a difference of opinion within that circuit" and substantial possibility of success is established for purposes of a motion for stay. *Id.*

The prospect of irreparable injury to the movant is established, *inter alia*, where the movant would be forced to expend considerable resources in proceedings which could be rendered null, or where further proceedings might render the appeal moot. *See In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996) (mootness is "quintessential form of prejudice") (internal quotations omitted); *In re Genesis Health Ventures*, 367 B.R. at 521 (finding prejudice where party would be forced "to expend time and money"). Distribution of Debtor's limited assets without a secured debt being paid, while not technically mooting the Appeal, could also clearly cause irreparable harm to PHH and U.S. Bank.

Any injury that might be suffered by non-moving parties should be "compare[d] . . . with the irreparable harm [that movant] will suffer" to determine whether it "would be 'substantial.'"

*See In re Country Squire Assocs.*, 203 B.R. at 184. Courts have found substantial harm to non-moving parties where a stay would jeopardize a critical pending transaction. *See, e.g., In re Adelphia Communications Corp.*, 333 B.R. 649, 666 (S.D.N.Y. 2005).

"While it is clearly not in the public interest to have cases languishing on court dockets for long periods of time, it is also not preferable to compel parties to go through the expense of preparing a case . . . when all of that preparation could be rendered moot by a reversal on . . . appeal." *In re Genesis Health Ventures*, 367 B.R. at 522 (granting six-month stay pending appeal). Thus, where the appeal is not frivolous, there will normally not be any "adverse public interest . . . implicated by an order which stays" proceedings. *In re Country Squire Assocs.*, 203 B.R. at 184.

## IV. ARGUMENT

This case should be stayed, and Confirmation postponed, pending the Appeal of this Court's Order and this Court's decision on the Motion for Reconsideration because, as set forth below: (A) Movants have a substantial possibility of success on the merits; (B) proceeding to the Confirmation Hearing before the Appeal is decided would irreparably harm Movants; (C) no substantial injury to Debtor would result from a stay; and (D) it is not against the public interest to issue a stay.

### A. Movants Have A Substantial Possibility of Success on the Merits

The Debtor does not dispute the existence of the note or the mortgage, or her obligation to pay PHH as the servicer. Thus, at most, PHH should have been required to provide more documentation regarding ownership of the debt. Instead, the Court expunged PHH's Proof of Claim. As a result, Debtor has now filed an amended plan which states that she owes no one for her mortgage. Just because the claim was not sufficient cannot mean that Debtor owes no one.

In fact, Debtor's counsel all but admitted this when he asked the Court to delay the Confirmation Hearing because "we are still dealing with loss mitigation." (Transcript at 26).

The Court based its ruling on several points in relation to which Movants have a substantial possibility of success on appeal. First, although PHH was assigned the loan after closing, the Court held that since it was not satisfied with the proof that PHH transferred the loan to U.S. Bank as Trustee, the Claim as a whole should be expunged. But the evidence was, at worst, ambiguous as to which of the two, PHH or U.S. Bank, owned the note, and therefore PHH's statement that it had transferred the note to U.S. Bank should have been sufficient, absent any evidence to the contrary from Debtor (and with no other party speaking up to assert a right to the mortgage). Counsel for PHH noted at the hearing that if the Court deemed the proof of claim insufficient as to U.S. Bank, PHH was still the owner of the loan on the record. (Transcript at 23). Also, Movants believe that the fact that the Court was not satisfied with the Record as to *when* U.S. Bank as Trustee became the holder of the mortgage is insufficient to support the Court's conclusion that U.S. Bank's status as holder was not established. (*See* Transcript at 11).

Second, the Court objected that PHH's affiant, Tracy Johnson, was not present at the hearing to be questioned. (Transcript at 20-21, 23-24). Yet, it is Movants' position that Ms. Johnson's affidavit was facially sufficient to support the Claim, and Debtor requested that the Court order Ms. Johnson's appearance (DE # 25 at 10), but the Court did not request her presence and denied PHH's request for an adjournment during which her appearance could have been arranged. Moreover, while the Court's reticence to credit her affidavit was due, in large part, to her holding two titles, one with PHH and one with MERS (Transcript at 16, 21), Ms. Johnson does in fact hold titles with both PHH and MERS, which is common in the mortgage industry.

Third, Debtor admitted that "U.S. Bank should have been, as trustee, beneficial holder of the note [but] [w]e don't know if it ever became, and whether it followed the rules of the Pooling Service Agreement." (Transcript at 7). Debtor does not have standing to object to a purported failure of the trust to follow its own rules, however, and even if she did, voiding the transfer to the Trust would simply mean that the note remained with PHH. *See In re Almeida*, No. 08-17047-JNF, 2009 WL 2210395, at *9 (Bankr. D. Mass. July 24, 2009). Either way, there is no evidence to support the result of the Order, namely Debtor's new plan claiming to owe no one for this debt.

Fourth, Debtor did not even dispute the amount of her mortgage debt, except for a small interest overcharge that PHH has acknowledged (Transcript at 9).

Fifth, it is Movants' position that the Court's objection to the supposedly "unusual stamp" on the note was without evidentiary basis. (Transcript at 23-24).

Finally, where there is no published opinion of the relevant court of appeals on point, an appellant has a substantial possibility of success on the merits. *See In re Genesis Health Ventures*, 367 B.R. at 521. Here, the Court relied on an out of circuit case to hold the claim insufficient. (*See* Transcript at 22-23 (citing *In re Samuels*, No. 06-11656-FJB, 2009 WL 2032121 (Bankr. D. Mass. July 6, 2009))). Yet *Samuels*, which applied Massachusetts law and not New York law, stands for the proposition that a confirmatory assignment *is* sufficient to establish title, even if—as was not the case here—it was *ultra vires* when executed, and only later ratified. Moreover, Movants' position is supported by ample authority establishing both a servicer's standing to file a claim and that a written assignment is not necessary in New York. *See, e.g., In re Conde-Dedonato*, 391 B.R. 247, 250-51 (Bankr. E.D.N.Y. 2008); *In re Viencek*, 273 B.R. 354, 356-58 (Bankr. N.D.N.Y. 2002). Because each of the matters being appealed is at

least subject to differing interpretation in the courts, Movants have more than satisfied their burden of establishing a substantial possibility of success on the merits, and this Court should grant the Motion for Stay.

B. <u>Proceeding to the Confirmation Hearing While the Appeal is Pending Would Irreparably Harm Movants</u>

Despite her earlier admission that she owes PHH under the mortgage on her home, Debtor has now filed a new plan, claiming to owe no one for her mortgage. The Debtor has demonstrated that she has limited resources. If the Debtor's new plan is approved and money is disbursed without U.S. Bank, a secured creditor with money in arrears, being paid, then PHH as servicer and U.S. Bank as Trustee will suffer serious irreparable harm. Additionally, PHH and U.S. Bank will be forced to expend considerable resources to contest the Debtor's new plan, efforts that will have been wasted if they succeed on appeal or if reconsideration is granted. Finally, although courts are not in agreement on this point, there is the possibility of mootness should the plan be confirmed before the Appeal is heard.

C. <u>A Stay Would Not Cause Substantial Injury to the Debtor</u>

A stay here would not cause substantial injury to any other party. While a Debtor always has an interest in a speedy disposition of her case, the delay would not be substantial and Debtor also stands to waste resources if the Confirmation proceedings have to be redone. Debtor has acknowledged owing the debt in question, and there is no pending transaction that would be put in jeopardy by a stay.

D. <u>It Is Not Against the Public Interest to Issue a Stay</u>

Aside from the public interest in having cases move forward, which is present in every case and therefore cannot be grounds for denying a stay, there is no public interest in denying a stay here. No transaction is jeopardized, and the case can proceed to Confirmation just as easily

8

after the Appeal has been resolved. Additionally, the public interest in not compelling the parties to prepare for the Confirmation Hearing if the result will have to be undone after possible reversal, and in avoiding injustice if the Appeal is rendered moot, weigh heavily in favor of granting a stay.

## V. CONCLUSION

For the reasons set forth above, the Court should grant the motion of PHH Mortgage Corporation and U.S. Bank, N.A. as Trustee to Stay the Confirmation Hearing and any other proceedings in this case until the Appeal of its Order Expunging Proof of Claim of PHH Mortgage Corp. has been concluded and a decision on the Motion for Reconsideration of the same that is being filed herewith, have been concluded.

Respectfully submitted,

Dated: November 25, 2009
Rochester, New York

_____
John A. DiCaro (JD 7832)
Anne E. Miller-Hulbert
Shapiro, DiCaro & Barak, LLP
Attorneys for PHH Mortgage Corporation
and U.S. Bank, N.A. as Trustee
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000