John A. DiCaro (JD 7832)
Anne Miller Hulbert, Esq.
Shapiro, DiCaro & Barak, LLP
250 Mile Crossing Boulevard, Suite 1
Rochester, New York 14624
Phone NO.: (585) 247-9000

Attorneys for PHH Mortgage Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

**OLGA D. PAREDES,**  **CHAPTER 13**
 **Case No. 09-22261**
 **Debtor.**

---

**AFFIDAVIT OF JAMES D. SCOTT IN SUPPORT OF MOTION BY
PHH MORTGAGE CORPORATION FOR AN ORDER GRANTING
RECONSIDERATION OF ITS CLAIM PURSUANT TO SECTION 502(1)
OF THE UNITED STATES BANKRUPTCY CODE AND FOR A STAY OF
PROCEEDINGS PENDING RECONSIDERATION AND APPEAL**

**State of New Jersey** )
 ) ss:
**County of Burlington** )

JAMES D. SCOTT, being duly sworn deposes as follows:

1. I am the manager of the foreclosure and bankruptcy team of PHH Mortgage Corporation ("PHH"), loan servicing agent for U.S. Bank, National Association, as Trustee U.S. Bank, N.A. as Trustee for GSAA Home Equity Trust 2006-12 ("U.S. Bank, as Trustee"), and I am familiar with the facts and circumstances underlying the above-referenced bankruptcy case and the mortgage loan which is the subject matter thereof. I have derived my knowledge of this case from my review of the books and records kept by PHH in the regular course of its business

1

and as a result of my own review of the account of Olga D. Paredes (the "Debtor"). I submit this affidavit in support of the Motion by PHH for an Order Granting Reconsideration of its claim in this Chapter 13 case, and in of its Motion for a Stay pursuant to reconsideration and the appeal of the Order.

2. PHH has in its possession the original of a Note that was executed on or about March 30, 2006, by the Debtor. The Note is secured by a Mortgage that was also executed by the Debtor and which names Mortgage Electronic Registration Systems Inc. ("MERS"), as nominee for Mortgage World Bankers, Inc. ("Mortgage World Bankers"). The Note was in the original principal amount of $432,000.00, and is secured by a Mortgage on the real property known as 551 Westbrook Drive, Cortlandt Manor, New York 10567 (the "Property"). The Mortgage was registered with MERS April 4, 2006, in Mortgage World Banker's name.

3. On April 17, 2006, the Paredes loan, both debt and servicing rights, were transferred on the books of MERS from Mortgage World Bankers to PHH. A copy of the MERS system report for the Paredes loan is attached as Exhibit "A." No document evidencing the assignment beyond the notation on the books of MERS was executed at that time because the loan remained in the name of MERS, as nominee, which permits the swift, economical and certain registration of transfer of loans that facilitates the secondary market permitting lower consumer mortgage financing by limiting he delay, costs and uncertainty of requiring recordation of numerous series of mortgage assignments memorializing the transfers.

4. This transfer is consistent with the disclosures provided to the Debtor at the closing by Mortgage World Bankers and PHH which stated that the servicing rights had been transferred to PHH a/k/a PHH Mortgage Services and that all payments and communications should thereafter be made to PHH. Copies of the RESPA servicing disclosure form, loan

2

disclosure statement and notice of assignment, sale or transfer of servicing rights are attached hereto Exhibit "B."

5. On or about April 20, 2006, the Paredes loan was transferred from PHH to the Bishops Gate Residential Mortgage Trust, a warehouse facility created by PHH in connection with its short term financing arrangements used to provide liquidity to PHH to close loans. That transfer is reflected by an allonge to the Note which was executed by Theresa Alibrando, an Assistant Vice President of PHH. A copy of the allonge is annexed hereto as Exhibit "C."

6. On or about May 26, 2006, the Paredes loan was transferred by PHH and Bishops Gate Residential Mortgage Trust to Goldman Sachs pursuant to a Mortgage Loan Flow Purchase, Sale and Servicing Agreement, dated May 1, 2006. Contemporaneous with that transfer, an additional allonge was executed by Theresa Alibrando, on behalf of PHH Mortgage Corporation as administrative agent for Bishops Gate Residential Mortgage Trust. That allonge was endorsed in blank so that transfer of the Note would reflect ownership by the holder. A copy of the allonge is annexed hereto as Exhibit "D."

7. In July 2006, GS Mortgage Securities Corp., successor to Goldman Sachs, transferred the Paredes loan, along with numerous others, to U.S. Bank N.A., as Trustee for GSAA Home Equity Trust 2006-12. This transfer was made pursuant to an Assignment, Assumption, and Recognition Agreement dated July 28, 2006. The parties to the agreement were GS Mortgage Corp. as assignor; U.S. Bank, N.A., as Trustee for GSAA Home Equity Trust 2006-12 as assignee; Bishops Gate Residential Mortgage Trust and PHH Mortgage Corporation, as servicer; and JPMorgan Chase Bank, N.A., as master servicer. It is through this transaction that U.S. Bank, N.A., became the owner and holder of the Paredes Mortgage; however, servicing continued to remain with PHH. A copy of the Agreement is annexed hereto as Exhibit "E."

8. The Debtor became delinquent in making monthly mortgage installments in February, 2008 through early 2009. PHH, as the servicer of the Paredes loan for its owner, GSAA Home Equity Trust 2006-12, with U.S. Bank, N.A., as Trustee, referred the matter to its attorneys for purposes of initiating a foreclosure on the Property on or about May 5, 2008, September 9, 2008 and March 12, 2009. At the time of the referral, because the Paredes Loan was owned by GSAA Home Equity Trust 2006-12, with U.S. Bank, N.A., as Trustee, an Assignment of Mortgage from MERS as nominee to U.S. Bank, N.A., as Trustee, was executed.

9. The debtor filed a petition under Chapter 13 of the U.S. Bankruptcy Code on or about February 25, 2009. The petition listed the loan as a secured debt, albeit listing PHH and Mortgage World Bankers as creditors on the schedules and matrix. Upon learning of the bankruptcy filing, PHH informed its attorneys that the foreclosure matter should be terminated and requested that a proof of claim be filed on its behalf.

10. A proof of claim was filed in the Debtor's bankruptcy proceeding on April 7, 2009, bearing Docket Number 4.

11. Despite the transfers of the loan, the original of the Note was physically retained by PHH, and payments remain properly payable to and accountable by PHH, consistent with the fact that PHH has been and remains the servicing agent for the Paredes loan since shortly after closing. Each subsequent transfer of the Paredes loan has been made pursuant to agreements which confirm PHH remained servicer of the loan.

Signed: _____
James D. Scott
Manager

STATE OF NEW JERSEY )
                    ) ss.
COUNTY OF BURLINGTON )

On the Twenty-fifth (25th) day of November in the year 2009 before me, the undersigned, a Notary Public in and for said State, personally appeared James D. Scott , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed same in his capacity, and that by his signature on the instrument, the individual(s) or the person upon behalf of which the individual acted, executed the instrument.

*[signature]*

A Notary Public of the State Of New Jersey
My Commission Expires:

Andrea P. Finkel
Notary Public of New Jersey
My Commission Expires
August 26, 2014