UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

OLGA D. PAREDES

DEBTOR

CHAPTER 13

CASE NO. 09-22261

JUDGE: Robert D. Drain

## AFFIRMATION IN RESPONSE TO DEBTOR'S OPPOSITION TO PHH'S MOTION FOR RECONSIDERATION OF ITS CLAIM, MOTION FOR STAY UNDER RULE 8005 PENDING APPEAL, AND OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN AND IN OPPOSITION TO DEBTOR'S REQUEST FOR SANCTIONS AND COUNSEL FEES

John A. DiCaro, Esq., an attorney admitted to practice in this Court, affirms the following under penalty of perjury:

1. I am a partner of Shapiro, DiCaro & Barak, LLP, attorney for PHH Mortgage Corp. ("PHH") and U.S. Bank, N.A. as Trustee ("U.S. Bank"), and submit this Affirmation in response to the Opposition filed by Debtor to PHH's Motion for Reconsideration of its Claim; Motion for Stay under Rule 8005 Pending Appeal; and Objection to Confirmation of Amended Chapter 13 Plan and in opposition to Debtor's Request for Sanctions for Sanctions and Counsel Fees.

2. Debtor alleges that this Court does not have jurisdiction to hear the Motion for Reconsideration of the Order Expunging the Proof of Claim of PHH, because PHH and U.S. Bank filed a Notice of Appeal of that Order. The instant motion falls within the parameters of Bankruptcy Rule 8002(b), and, as such, this Court retains jurisdiction, See Woodard v. Hardenfelder, 845 F. Supp. 960 (E.D.N.Y. 1994).

3. Debtor also is requesting sanctions and attorneys fees against PHH and its counsel. The Second Circuit in In Re Oliveri, 803 F.2d 1265, 1275 (2d Cir. 1986) sets forth an

objective standard for the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. "Sanctions shall be imposed when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the paper." Id. The courts have further held that Rule 11 is violated "when it is patently clear that a claim has absolutely no chance of success." Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985).

4. The actions of PHH and this firm in defending the Objection to PHH's Proof of Claim have all been in good faith and pursuant to a reasonable belief of success. There was no conduct by PHH or this firm that would justify the imposition of sanctions.

5. Similarly, an award of attorneys fees "may be imposed either for commencing or continuing an action in bad faith, vexatiously, wantonly or for oppressive reasons." In Re Oliveri, 803 F.2d 1265, 1272 (2d. Cir. 1986). Your affirmant submits that there was no action taken by PHH or its counsel which could be deemed as bad faith, vexatious or oppressive, and, as such, there is no support for an award of attorneys fees. Your affirmant assumes that the Court is well aware of the basis for granting or denying requests for attorneys fees. We request that the Court deny Debtor's application for attorneys fees.

WHEREFORE, the undersigned respectfully requests an Order of this Court 1) granting PHH's Motion for Reconsideration of Order Expunging Claim of PHH; 2) granting PHH"s Motion for Stay Pending Appeal; 3) denying Debtor's Motion for Sanctions and Counsel Fees and granting such other and further relief as may be just and proper.

Dated: December 7, 2009

John A. DiCaro, Esq.
Shapiro, DiCaro & Barak, LLP
Attorneys for PHH Mortgage Corp. and U.S. Bank,
N.A. as Trustee
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000