IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| In re: | Bankruptcy Case No. 09-22261 |
|---|---|
| OLGA PAREDES, | Chapter 13 |
| Debtor(s). | |

**ROUNDUP FUNDING, LLC'S REPLY IN OPPOSITION TO DEBTOR'S SUPPLEMENTAL RESPONSE TO ROUNDUP FUNDING, LLC'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER NINE (9)**

COMES NOW, Roundup Funding, LLC (hereinafter "Roundup"), successor in interest to Chase Bank USA, N.A. (hereinafter "Chase"), by and through its attorney of record, Lisa Wallace replies to Debtor's supplemental response to Roundup's response to objection to claim number nine.

**STATEMENT OF FACTS**

On 2/25/2009, Debtor's filed a voluntary petition with the Court and listed the following disputed debt in their schedule F:

| Creditor | Description | Account | Amount |
|---|---|---|---|
| BP Oil - Chase | VISA Credit Service- Disputed as to the amount of late fees, over limit fees, interest fee, late charges or any other additional fees or charges | 4227-6510-3178-0256 | $727.27 |

The Court should note that every debt listed in the Schedule F is either owed at $0.00 or disputed entirely. The Debtor essentially represents to the Court that she owes nothing to any creditor. This blanket statement of denial is suspect.

Under criminal and civil penalties of 18 U.S.C. §§152 and 3571, Roundup timely filed proof of claim number nine as follows:

| Claim No. | Original Creditor | Account | Amount |
|---|---|---|---|
| 9 | Chase | ...x0256 | $880.32 |

The original proof of claim attaches a summary page listing the Debtor's full name, redacted SSN, redacted account number, original creditor name, current owner name, account open date in 1998, last payment date, last payment amount, charge off date, prepetition balance due, and bankruptcy case information. All this information is sufficient for the Debtor to determine the nature of the debt claimed as owed.

On or about 4/1/2009, B-Line, LLC received Debtor's account ending in 0256 as part of a bulk purchase from Chase. Subsequently, B-Line assigned all account within the April 2009 purchase to Roundup.

On 11/18/2009, Debtor objected to Roundup's claim alleging lack of sufficient documentation. Roundup responded and inadvertently mistyped the account number in its response; however, the record, including the proof of claim and the amended proof of claim provides the correct account number.

On 11/30/2009, Roundup amended proof of claim number nine (9.) The amended claim includes the chain of assignments and the Debtor's monthly statements mailed to her home address. The original proof of claim shows that the Debtor opened the account in 1998 and closed the account in 2009, which indicates that the documentation for this

account is certainly voluminous. The Debtor used the account for over ten (10) years. Debtor lists the debt as disputed in her petition but then acknowledges the debt as due and owing in the objection.

On 12/15/2009, Debtor filed a supplemental response to Roundup's response to objection to claim. Debtor's response states that Roundup's amended claim should not have been filed without relief from the Court first. Debtor does not deny the existence of the debt, and only disputes the amount. However, Debtor still believes the claim should be disallowed. Roundup's amended claim includes all supporting documentation necessary to justify its claim. Moreover, the amended claim shows that the Debtor is aware that the debt is due and owing in the exact amount filed in the proof of claim, as the balances in the last statement the Debtor received matches the balance on the proof of claim.

## LEGAL DISCUSSION

Debtor continues to litigate lack of documentation as a basis to disallow a claim despite the fact that the Debtor does not dispute owing the debt in the objection to claim, itself. The Debtor seeks a windfall. As stated in the earlier response, the courts in New York have ruled that lack of documentation is not a basis to disallow a claim. . *See In re Irons*, 343 B.R. 32 (Bankr. N.D. N.Y. 2006). While one court in New York has ruled that an objection based upon lack of assignment is valid, a party can amend the claim with the assignment to rebut the objection to claim. *See In re Doherty*, 400 B.R. 382 (Bankr. W.D. NY 2009).

Even the Supreme Court has held in Travelers Casualty & Sur. Co of Amer. V. Pac. Gas & Elect., 549 U.S. 443, 444 (2007) that: "[u]nder the Bankruptcy Code, the bankruptcy court "shall allow" a creditor's claim "except to the extent that" the claim implicates any of nine enumerated exceptions. 11 U.S.C. § 502(b)." Therefore, technically, Debtor's objection to claim is substantively defective under 11 U.S.C. § 502(b).

Assuming the Court decides to entertain this objection to claim, the Supreme Court has held that amendments to filings and pleadings are governed by Civil Rule 15(a), in which "[o]utright refusal of federal district court to grant plaintiff leave to amend complaint without any justifying reason appearing for denial is not exercise of discretion by court but is abuse of discretion and inconsistent with spirit of Federal Rules of Civil Procedure. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A" *Foman v. Davis*, 371 U.S. 178 (1962). Foman states that the standard to allow amendments under Civil Rule 15(a):

> [S]hall be freely given when justice so requires'; this mandate is to be heeded." *See generally, 3 Moore, Federal Practice* (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, un undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman* at 182. Here, the Debtor decided to object to the claim based upon lack of documentation and lack of assignment even though the Debtor acknowledges that a debt is due on the claim for a lower amount. According to the *Travelers* and *Irons*, lack of

documentation is not a basis to disallow a claim, let alone bar a claimant from responding to an objection with additional evidence. *Foman* instructs courts to favor the merits of the case and to review to see if there is any bad faith.

In the unpublished decision of *In re Enron Corp.*, 2005 WL 3874285 (Bankr. S.D. NY 2005) the Bankruptcy Court for the Southern District of New York noted the following:

> The Reorganized Debtors also contend that the Amended Claim was untimely. The Amended Claim, however, arose out of the same agreement and transaction that was attempted to be set forth in the Initial Claim and therefore relates back to the date of the Initial Claim and is deemed timely filed. *See* BANKR.R. CIV. P. 7015(c)(2).

Id *3, footnote 14. Roundup is not filing a new claim after the bar date or amending the claim to change the nature of the debt. The amended claim relates back to the original claim, which was timely filed, as shown by the Claims Register and the amended claim itself.

### CONCLUSION

Based on the foregoing, Roundup requests this Court to overrule the objection to the proof of claim and grant any relief the Court deems as just.

Dated December 21, 2009.

> *s/ Lisa L. Wallace*
> Lisa Wallace
> Attorney for Roundup Funding, LLC